An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROY HENRY WILCOX,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

ROY HENRY WILCOX,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65932

**FILED**

NOV 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

No. 65964

## ORDER OF AFFIRMANCE

These are proper person appeals from orders of the district court denying post-conviction petitions for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

*Docket No. 65932*

Appellant filed his petition in district court case number C38926 on June 7, 2013, more than 35 years after entry of the judgment

---

[1]These appeals have been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the records are sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975). We elect to consolidate these appeals for disposition. *See* NRAP 3(b)(2).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37403

of conviction on January 18, 1978.[2] Appellant's petition was therefore untimely filed.[3] *See* NRS 34.726(1). Appellant's petition was also an abuse of the writ.[4] *See* NRS 34.810(2). Appellant's petition was therefore procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Further, because the State specifically pleaded laches, appellant was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

In his petition, appellant appeared to contend that the procedural bars did not apply because he was challenging the constitutionality of the laws and the jurisdiction of the courts. Specifically, appellant claimed that the district court lacked jurisdiction to convict him because there was no enacting clause set forth in the Nevada Revised Statutes. Appellant's assertion was without merit, as his claim challenged the validity of his judgment of conviction, and thus, the procedural bars do apply in this case.[5] *See* NRS 34.720(1); NRS 34.724(1).

---

[2]No direct appeal was taken from this judgment of conviction.

[3]Appellant's petition was also filed more than 22 years after the effective date of NRS 34.726. *See* 1991 Nev. Stat., ch. 44, § 33, at 92.

[4]*Wilcox v. State*, Docket No. 28958 (Order Dismissing Appeal, November 30, 1998); *Wilcox v. State*, Docket No. 57752 (Order of Affirmance, June 8, 2011).

[5]Appellant's claims did not implicate the jurisdiction of the courts. Nev. Const. art. 6, § 6; NRS 171.010. We note that the Statutes of Nevada contain the laws with the enacting clauses required by the constitution.
*continued on next page . . .*

Because appellant did not demonstrate good cause, the petition was procedurally barred. Further, appellant failed to overcome the presumption of prejudice. Therefore, we conclude that the district court did not err in denying the petition.

*Docket No. 65964*

Appellant filed his petition in district court case number C38847 on June 7, 2013, almost 33 years after this court issued the remittitur from his direct appeal on June 10, 1980. *Whitmore v. State*, Docket No. 12105 (Order Dismissing Appeal, May 22, 1980). Appellant's petition was therefore untimely filed.[6] *See* NRS 34.726(1). Appellant's petition was also an abuse of the writ.[7] *See* NRS 34.810(2). Appellant's petition was therefore procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Further, because the State specifically pleaded laches, appellant was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

---

*. . . continued*

The Nevada Revised Statutes simply reproduce those laws as classified, codified, and annotated by the Legislative Counsel. NRS 220.120.

[6]Appellant's petition was also filed more than 22 years after the effective date of NRS 34.726. *See* 1991 Nev. Stat., ch. 44, § 33, at 92.

[7]*Wilcox v. State*, Docket No. 28958 (Order Dismissing Appeal, November 30, 1998); *Wilcox v. State*, Docket No. 57752 (Order of Affirmance, June 8, 2011).

In his petition, appellant claimed that the district court lacked jurisdiction to convict him because there was no enacting clause set forth in the Nevada Revised Statutes. As explained above, appellant's claim was without merit and appellant failed to demonstrate good cause to excuse the procedural bars. Further, appellant failed to overcome the presumption of prejudice. Therefore, we conclude that the district court did not err in denying the petition. Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Kathleen E. Delaney, District Judge
Roy Henry Wilcox
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk